IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–03180–PAB–KMT

CHRISTOPHER P. ROBILLARD,

    Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS OF WELD COUNTY COLORADO,
THE OFFICE OF THE WELD COUNTY CORONER/MEDICAL EXAMINER,
PATRICK C. ALLEN, M.D., in his individual capacity,
MARK WARD, in his individual capacity, and
JAMES A. WILKERSON IV, M.D., in his individual capacity,

    Defendants.

---

# ORDER

---

This matter is before the court on the "Motion to Stay Pending Determination of Qualified Immunity of Defendants Allen, Ward, and Wilkerson." (Doc. No. 15, filed Jan. 30, 2012 [Mot. Stay].) "Plaintiff's Amended Response in Opposition to Motion to Stay" (Doc. No. 19 [Resp.]) was filed on February 14, 2012 and Defendants Allen, Ward, and Wilkerson (hereinafter the "Individual Defendants") filed a reply on February 16, 2012 (Doc. No. 21 [Reply]). Accordingly, this matter is ripe for the court's review and ruling.

Plaintiff's Complaint asserts three claims for violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*; a claim for violations of the Colorado Wage Claim Act (CWCA), Colo. Rev. Stat. § 8–4–101 *et seq.;* a breach of contract claim; and a claim pursuant to

42 U.S.C. § 1983 for violations of his equal protection rights under the Fourteenth Amendment. (*See* Doc. No. 1, filed Dec. 7, 2011, ¶¶ 115-152.)  On January 30, 2012, the same day that the Individual Defendants filed the instant Motion to Stay, Defendants filed a "Motion for Partial Dismissal of Claims" seeking to dismiss all of Plaintiff's claims except Plaintiff's FLSA claims against Defendants The Board of County Commissioners of Weld County Colorado ("BOCC") and Ward.[1]  (*See* Doc. No. 13 [Mot. Dismiss] at 1 n.1.)  In their Motion to Dismiss, Defendants maintain that Defendants Allen and Wilkerson are entitled to qualified immunity from Plaintiff's equal protection claim.  (Mot. Dismiss at 11 n.3.)

In their instant Motion to Stay, the Individual Defendants seek to stay this matter in its entirety pending a determination of whether they are entitled to qualified immunity.  (*See* Mot.)  In support of that argument, the Individual Defendants maintain that qualified immunity is not only an entitlement not to stand trial, but a protection against the burdens of pretrial discovery.  (*Id.* at 2 (quoting *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992) & *Hannula v. Lakewood,* 907 F.2d 129)).  Consequently, they argue that, "'until this threshold immunity question is resolved, discovery should not be allowed.'" *Id.* at 3 (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02–CV–01934–LTB–PA, 2006 WL

---

[1] Defendants also filed a Partial Answer contemporaneously with their Motion to Dismiss and Motion to Stay.  (*See* Doc. No. 14, filed Jan. 30, 2012.)

894955, at *2 (D.Colo. March 30, 2006) (unpublished). Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed.R.Civ.P. 26(c). Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–255 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). An order staying discovery is thus an appropriate exercise of this court's discretion. *Id.*

It is true that, immunity provisions, whether qualified, absolute or pursuant to the Eleventh Amendment, are meant to free officials from the concerns of litigation, including avoidance of disruptive discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1953 (2009) (citing *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)); *see also Workman*, 958 F.2d at 335 (citing *Harlow*, 457 U.S. at 817–18) (noting that qualified immunity, if successful, protects an official both from liability and the ordinary burdens of litigation, including far-ranging discovery). However, invocation of the defense of qualified immunity "is not a bar to all discovery." *Rome v. Romero,* 255 F.R.D. 640, 643 (D. Colo. 2004). Instead, "it is essential to recognize that because the defense of qualified immunity is limited to

particular claims against particular individuals, the corresponding protection against burdensome discovery is also limited.  The defense is available only to individual government officials, not governmental entities." *Id.*

In this case, the Individual Defendants overlook the guidance of *Rome* by seeking a stay as to all Defendants and all claims, based on *two*[2] defendants' invocation of qualified immunity as to *one* of Plaintiff's claims.  However, Defendants BOCC and WCCO have not asserted, and indeed cannot assert, qualified immunity as a defense.  *Id.* at 644.  Therefore, they are not entitled to a stay of discovery on the claims against them.  *Id.*

Likewise, qualified immunity is not available to the Individual Defendants as to Plaintiff's FLSA, CWCA, and Breach of Contract claims—five of Plaintiff's six claims.  Rather, qualified immunity is a defense only to claims raised pursuant to § 1983.  *See id.* at 643*; see also DeSpain v. Uphoff*, 264 F.3d 965, 971 (10th Cir. 2001) ("the doctrine of qualified immunity shields government officials . . . from individual liability under *42 U.S.C. § 1983*") (emphasis added; internal quotation marks and citations omitted).  Thus, a stay as to all of Plaintiff's claims would be overreaching.

Consequently, the court finds that a stay based on qualified immunity would only be appropriate, if at all, as to Plaintiff's § 1983 equal protection claim as to the Individual Defendants alone.  The court finds that such an obviously piecemeal stay would be unwarranted in this case.  First, the court finds that Defendants' qualified immunity argument in their Motion

---

[2] The court notes that, in reality, Defendants' Motion to Dismiss invokes qualified immunity only as to Defendants Allen and Wilkerson.  (Mot. Dismiss at 11 n.3.)

to Dismiss "is not particularly well-developed or compelling on its face." *Sanaah v. Howell,* 08-cv-02117-REB-KLM, 2009 WL 980383, at *1 n.1 (D. Colo. Apr. 9, 2009). Indeed, it is limited to a single paragraph, relegated to a footnote, arguing, *in the alternative*, that the Individual Defendants are entitled to qualified immunity from Plaintiff's § 1983 individual-capacity claims. (Mot. Dismiss at 11 n.3); *see also Rome,* 225 F.R.D. at 643 (noting that "a *well-supported* claim of qualified immunity should shield a defendant from unnecessary and burdensome discovery.") (emphasis added).

Additionally, the court finds that the factors ordinarily considered in this district to determine the propriety of a stay also advise against such a stay. *See String Cheese Incident,* 2006 WL 894955, at *2 (D.Colo. March 30, 2006) (weighing (1) the interest of Plaintiff; (2) the burden on Defendants in going forward; (3) the court's convenience; (4) the interest of nonparties, and (5) the public interest in general). First, Plaintiff has an interest in proceeding without delay and would be prejudiced by the indefinite stay sought by the Individual Defendants, but applicable to all. *Id.* (quoting *FDIC v. Renda,* No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (delaying proceedings until there is a ruling on a motion to dismiss "would significantly impact and prejudice plaintiff's 'right to pursue [its] case and vindicate its claim expeditiously.'"); *Sanaah,* 2009 WL 980383, at *1 ("[W]ith the passage of time, the memories of the parties and other witnesses may fade, witnesses may related or become unavailable, or documents may become lost or inadvertently destroyed.")

Second, the court finds that the burden, if any, on the Individual Defendants from discovery on Plaintiff's § 1983 claim is outweighed by Plaintiff's interest in proceeding

5

expeditiously with this case. Even if a stay were granted as to Plaintiff's § 1983 claim against the Individual Defendants, these defendants would still be subject to discovery on Plaintiff's FLSA, CWCA, and breach of contract claims. Likewise, the Entity Defendants – BOCC and WCCO – will be subject to discovery for all claims asserted against. And, although it is not entirely clear, it is likely that this discovery would be substantially the same as any discovery relating to Plaintiff's § 1983 claim. Accordingly, because discovery as to Plaintiff's § 1983 will not be separate and distinct from discovery relating to Plaintiff's other claims, the court finds that subjecting the Individual Defendants to discovery on the former would not impose much, if any, additional burden on the Individual Defendants. *Crawford-El v. Britton,* 523 U.S. 574, 598 (1998) (noting that the court should exercise its discretion to protect the substance of the qualified immunity to ensure that public officials are "not subjected to *unnecessary and burdensome* discovery") (emphasis added).

      As to the third *String Cheese Incident* factor, judicial economy would be undermined by a piecemeal disposition of Plaintiff's claims. Moreover, if a stay as to Plaintiff's § 1983 claim against the Individual Defendants were granted, it is not unlikely that the court would be faced with discovery disputes over whether any or all of Plaintiff's future discovery requests violate the stay, or instead relate only to Plaintiff's remaining, unstayed claims. More generally, an ill-advised stay would inconvenience the court by making the court's docket less predictable and, hence, less manageable. *Sanaah,* 2009 WL 980383, at *1. Accordingly, this factor also weighs against imposing a stay.

Finally, neither the interest of nonparties or the public interest in general prompt the court to reach a different result. Indeed, the public interest favors the prompt and efficient handling of all litigation. *Id.* Accordingly, on balance, the court finds that a stay of discovery is unwarranted in this case, particularly the stay of discovery as to all claims and all defendants actually sought by the Individual Defendants.

Therefore, for the foregoing reasons, it is

ORDERED that the "Motion to Stay Pending Determination of Qualified Immunity of Defendants Allen, Ward, and Wilkerson" (Doc. No. 15) is DENIED.

Dated this 1st day of March, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge