IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-03180-PAB-KMT

CHRISTOPHER P. ROBILLARD,

    Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS OF WELD COUNTY COLORADO,
THE OFFICE OF THE WELD COUNTY CORONER/MEDICAL EXAMINER,
PATRICK C. ALLEN, M.D., in his individual capacity,
MARK WARD, in his individual capacity, and
JAMES A. WILKERSON IV, M.D., in his individual capacity,

    Defendants.
_____

**ORDER**
_____

This matter is before the Court on the Motion for Judgment on the Pleadings [Docket No. 44] filed by defendants The Board of County Commissioners of Weld County, Colorado ("BOCC"), The Office of the Weld County Coroner/Medical Examiner ("WCCO"), Patrick C. Allen, Mark Ward, and James A. Wilkerson.

**I. BACKGROUND**

Plaintiff Christopher P. Robillard filed this case on December 7, 2011 [Docket No. 1], asserting the following claims for relief: (1) violation of the overtime pay requirements in the Fair Labor Standards Act ("FLSA"), *see* 29 U.S.C. § 201 *et seq.*; (2) violation of the FLSA compensation time regulations; (3) retaliation in violation of the FLSA; (4) violation of the overtime pay requirements in the Colorado Wage Claim Act ("CWCA"), *see* Colo. Rev. Stat. § 8-4-101 *et seq.*; (5) breach of contract; and (6)

violation of the Equal Protection Clause of the Fourteenth Amendment.  Docket No. 1 at 19-26, ¶¶ 115-52.  Specifically, Mr. Robillard alleges that defendants failed to pay him overtime for the hours he spent on call in his capacity as a Medical Investigator employed by WCCO.  Docket No. 1 at 19-20, ¶¶ 115-21.  He alleges that defendants improperly limited his work hours to prevent him from accumulating compensation time.  Docket No. 1 at 21, ¶¶ 122-27.  He further alleges that when he voiced concerns about the compensation time agreement that he had signed with WCCO, he received poor evaluations and was not compensated for time spent in required training activities.  Docket No. 1 at 22-23, ¶¶ 128-38.

On January 30, 2012, defendants filed a Rule 12(b)(6) partial motion to dismiss [Docket No. 13] Mr. Robillard's first through sixth claims against WCCO, his first through third claims against Mr. Allen and Mr. Wilkerson, and his fourth through sixth claims against all defendants.  On September 26, 2012, the Court issued an order (the "Order") granting defendants' partial motion to dismiss.  Docket No. 42.  In its Order, the Court found that "the complaint lacks a factual basis for determining that plaintiff was subject to call response and reporting requirements that triggered an obligation to pay him overtime pursuant to the FLSA."  Docket No. 42 at 8.  It further found that there were "no allegations . . . that he was not permitted to use compensation time he actually accrued" and that there was no authority "for the proposition that WCCO was required to permit employees to work extended hours so as to accrue compensation time without limitation."  *Id*.  With respect to the retaliation claim, the Court held that "plaintiff has failed to state a plausible FLSA retaliation claim."  Docket No. 42 at 10.

After granting defendants' partial motion to dismiss, the Court ordered the parties

to "indicate which claims, and as to which defendants, survive this order." Docket No. 42 at 11. In response, defendants filed a stipulated notice of remaining claims [Docket No. 43], stating that only Mr. Robillard's first through third claims (namely, his FLSA claims for overtime pay, compensation time violations, and retaliation) survived against Mr. Ward, WCCO, and BOCC. On October 11, 2012, defendants filed the instant motion for judgment on the pleadings. Docket No. 44. Defendants argue that Mr. Robillard's remaining claims should be dismissed on the bases set forth in the Order. *Id*. at 3.

## II. STANDARD OF REVIEW

The Court reviews a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) much as it would a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006) ("We review a district court's grant of a motion for judgment on the pleadings de novo, using the same standard that applies to a Rule 12(b)(6) motion."). Accordingly, the Court "accept[s] all facts pleaded by the non-moving party as true and grant[s] all reasonable inferences from the pleadings in favor of the same." *Id*.

Therefore, to survive defendants' motion, the complaint must allege enough factual matter that, taken as true, makes their "claim to relief . . . plausible on its face." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-

but it has not shown-that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alteration marks omitted).

### III. DISCUSSION

With respect to his first and third claims, Mr. Robillard reasserts the same arguments he made in response to defendants' partial motion to dismiss. *Compare* Docket No. 24 at 6-11 *with* Docket No. 45 at 3-5, 6-7 ("Plaintiff incorporates the argument of Plaintiff's Response to Motion for Partial Dismissal of Claims concerning FLSA-Overtime by reference."). The Court has already considered and rejected Mr. Robillard's arguments that he has stated a claim for failure to pay overtime and it will not revisit them here. *See* Docket No. 42.

In addition, Mr. Robillard states that, because defendants BOCC, WCCO, and Mr. Ward filed an answer with respect to his first three claims, the Court "did not and could not address" those claims in its Order. Docket No. 45 at 7-8. Mr. Robillard does not, however, explain why this would prevent the Court from applying its previous findings to the remaining defendants at this juncture. Indeed, the explicit findings in the Order constitute the "law of the case" and "should continue to govern the same issues in subsequent stages" of this litigation. *See Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir. 1995); *see also In re Meridian Reserve, Inc.*, 87 F.3d 406, 409 (10th Cir.

1996) ("The law of the case is a judicial doctrine designed to promote decisional finality. Once a court decides an issue, the doctrine comes into play to prevent the re-litigation of that issue in subsequent proceedings in the same case."). Nor does Mr. Robillard argue that the Court's findings were specific to the particular defendants involved and cannot logically be applied to the remaining defendants. On the contrary, the Court's findings were based on Mr. Robillard's failure to establish his entitlement to overtime pay for time spent on call, and not on his failure to establish the liability of particular defendants. *See, e.g.*, Docket No. 42 at 8 ("Plaintiff, however, fails to indicate to what extent these calls occurred during his primary or backup on-duty shifts, required him to travel to the scene of death, or occurred during any time 'in excess of forty hours in a week' not otherwise compensated pursuant to the Comp Time Agreement. Consequently, the complaint lacks a factual basis for determining that plaintiff was subject to call response and reporting requirements that triggered an obligation to pay him overtime pursuant to the FLSA."); Docket No. 42 at 9-10 ("The allegations are unclear regarding the chronology of events, appear to largely relate to policies impacting all employees of WCCO, and provide no basis to draw the inference that any of his treatment resulted from the fact that he communicated certain undefined 'concerns.' Therefore, the Court finds that plaintiff has failed to state a plausible FLSA retaliation claim."). Accordingly, the Court's conclusion that Mr. Robillard fails to state a claim under the FLSA for either unpaid overtime or retaliation applies to his claims against defendants BOCC, WCCO, and Mr. Ward.

      Finally, Mr. Robillard argues that the partial motion to dismiss did not challenge his claim for violation of the compensation time regulations and thus that claim was not

addressed in the Court's order.  With respect to compensation time, Mr. Robillard alleges that he entered into a compensation time agreement, under which he was required to maintain his accumulated compensation time at or below eighty hours; that Mr. Ward required him to limit his accumulated hours to forty; and that Mr. Robillard was required to take compensation time to prevent hours from accumulating, regardless of his workload.  Docket No. 1 at 12-19, ¶¶ 66-114.

> The FLSA provides that
>
> (1) Employees of a public agency which is a State, a political subdivision of a State, or an interstate governmental agency may receive, in accordance with this subsection and in lieu of overtime compensation, compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required by this section.
> (2) A public agency may provide compensatory time under paragraph (1) only–
>     (A) pursuant to . . . an agreement or understanding arrived at between the employer and employee before the performance of the work . . . .

29 U.S.C. § 207(o).  The Supreme Court held in *Christensen v. Harris Cnty.*, 529 U.S. 576, 585 (2000), that the FLSA restricts employers' ability to prohibit the use of compensatory time but "says nothing about restricting an employer's efforts to *require* employees to use compensatory time."

Mr. Robillard's allegations that he was required to use compensation time to prevent him from accruing excess hours thus does not establish a violation of the FLSA.  *See Christensen*, 529 U.S. at 585.  Moreover, the Court found in its Order that there was no "authority for the proposition that WCCO was required to permit employees to work extended hours so as to accrue compensation time without limitation."  Docket No. 42 at 8.

Accordingly, Mr. Robillard fails to state a claim under the FLSA related to

compensation time.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Motion for Judgment on the Pleadings [Docket No. 44] is GRANTED.  It is further

**ORDERED** that Defendants' Motion for Summary Judgment [Docket No. 47] is DENIED as moot.  It is further

**ORDERED** that this case is DISMISSED.

DATED April 18, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge